## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 06-20050-10-KHV** |
| ROXANNA SANCHEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

On March 31, 2006, a grand jury returned a 27-count indictment which charged Roxanna Sanchez with conspiracy to distribute and to possess cocaine (Count 1), distribution of methamphetamine (Count 24) and using a communication facility, a cellular telephone, to commit a drug trafficking offense (Count 25). On April 14, 2006, after a detention hearing, Magistrate Judge James P. O'Hara ordered that defendant be detained pending trial. See Detention Order (Doc. #33). This matter is before the Court on defendant's Motion For Review Of Detention Order (Doc. #50) filed May 3, 2006. On May 22, 2006, the Court held a hearing on defendant's motion. For reasons set forth below, the Court finds that defendant should be detained pending trial.

### Standard of Review

A defendant may seek review of a magistrate judge's order of detention. See 18 U.S.C. § 3145(b). The district court reviews *de novo* a magistrate judge's order of detention. See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002); United States v. Burks, 141 F. Supp.2d 1283, 1285 (D. Kan. 2001). The district court must make its own *de novo* determination of the facts and legal conclusion with no deference to the magistrate judge's findings. See Lutz, 207 F. Supp.2d at 1251. A *de novo* evidentiary hearing,

however, is not required.  See id.  The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991).  The Federal Rules of Evidence do not apply to detention hearings.  See 18 U.S.C. § 3142(f).  The Court may allow the parties to present information by proffer or it may insist on direct testimony.  See id.  The Court also may incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted there.  Lutz, 207 F. Supp.2d at 1251; see United States v. Chagra, 850 F. Supp. 354, 357 (W.D. Pa. 1994).

### Standards For Detention

The government must prove risk of flight by a preponderance of the evidence.  Burks, 141 F. Supp.2d at 1286.  The government must prove dangerousness to any other person or the community by clear and convincing evidence.  See 18 U.S.C. § 3142(f).  The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 et seq.  See 18 U.S.C. § 3142(e); United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991).

A grand jury indictment provides the probable cause required by the statute to trigger the presumption. United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990).  If a grand jury indictment charges defendant with a drug offense, which carries a maximum term of imprisonment of ten years or more as prescribed by the Controlled Substances Act, it raises the rebuttable presumptions of risk of flight and danger to the community.  See United States v. Martinez, No. 99-40095-SAC, 1999 WL 1268376, at *3 (D. Kan. Nov. 3, 1999).  The Tenth Circuit outlined the impact of the statutory presumptions:

2

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

Stricklin, 932 F.2d at 1354-55 (citing United States v. Cook, 880 F.2d 1158, 1162 (10th Cir. 1989)). After the presumption is invoked, defendant has the burden to produce evidence to suggest that she either is not dangerous or she is not likely to flee if released on bail. See Quartermaine, 913 F.2d at 916; United States v. Miller, 625 F. Supp. 513, 519 (D. Kan. 1985) (burden imposed on defendant is to offer some credible evidence contrary to statutory presumption).

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the district court must take into account the available information concerning–

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including–
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall

decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

## Analysis

At the hearing on May 22, 2006, the Court heard the testimony of defendant's husband, Richard Sanchez, and proffers by the government and defendant. In addition, the Court incorporates the record of the detention hearing conducted by Judge O'Hara. After carefully considering the applicable factors, the Court finds that defendant should remain in detention pending trial.[1]

**I.      Nature and Circumstances of the Offense**

Defendant is charged with conspiracy to distribute and to possess cocaine, distribution of methamphetamine and use of a communication facility to commit a drug trafficking offense. As noted above, the statute provides a presumption of detention in such cases. See 18 U.S.C. § 3142(e).

**II.     Weight Of The Evidence**

The weight of evidence against defendant is strong and even overwhelming on some charges. The government has evidence that in the parking lot of her employer, defendant sold methamphetamine and cocaine. In addition, defendant stated that she was a courier for the drug trafficking organization and that she transported 20 kilograms of cocaine (with a street value of approximately $360,000) to St. Louis. Defendant does not contest the government's proffer. The evidence against defendant weighs strongly in favor of detention pending trial.

---

[1]      Pursuant to 18 U.S.C. § 3142(i), this memorandum and order constitutes the Court's written findings of fact and reasons for detention.

## III.    History And Characteristics Of Defendant

Defendant has been a resident of Kansas City, Kansas for 16 years.  She apparently is a dual citizen of the United States and Mexico.  She has been married to Richard Sanchez since 1991 and has three children. Defendant has been employed at a medical clinic for the last five to seven years, but the evidence suggests that she sold drugs from the parking lot of that clinic.  Other than an arrest for domestic battery involving a former boyfriend, she has no prior criminal record.  Defendant's community and family ties favor her release pending trial.  In particular, defendant's husband appears to have no desire to help his wife to flee to Mexico or to otherwise assist her from evading authorities.  Despite the best intentions of her husband, however, the Court must consider that defendant faces a lengthy prison sentence if she is convicted, she has extended family in Mexico and has traveled there recently.  Moreover, based on the proffer by the government, defendant apparently has a record of successfully hiding her unlawful behavior from her husband.  These latter factors suggest a high risk of flight such that detention is appropriate.

## IV.    Danger to the Community

Before releasing defendant on any set of conditions, the Court must be satisfied that defendant will not pose a danger to any other person or to the community.  See 18 U.S.C. § 3142(b).  The government has not shown that defendant would be a risk of physical danger to the community, but the high risk that defendant will commit additional drug trafficking crimes is sufficient to detain her.  The government has evidence that even after it seized some 20 kilograms of cocaine, defendant and her co-conspirators continued to traffic significant amounts of cocaine.  In addition, the proffered evidence suggests that defendant was entrusted to transport cocaine worth some $360,000, which suggests that she is more than a minimal participant in the conspiracy. The Senate Committee on the Judiciary stated in its report accompanying the bail reform legislation that "the

5

risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'"   United States v. Burch, No. 95-40045-01-02-SAC, 1996 WL 172968, at *6 (D. Kan. Mar 19, 1996) (quoting S. Rep. No. 98-225, reprinted in 1984 U.S.C.C.A.N. 3182, 3196).  Based on her alleged conduct, the Court cannot predict that defendant would abandon her drug trafficking activities.

**V.      Conclusion**

Based upon the testimony and evidence proffered at the hearing and the record of the detention hearing before the magistrate judge, the Court concludes that no set of conditions of release will assure defendant's pretrial presence and protect the community from the danger of additional drug trafficking crimes.  The government has carried its burden of proving that pretrial detention is warranted.

**IT IS THEREFORE ORDERED** that defendant's Motion For Review Of Detention Order (Doc. #50) be and hereby is **OVERRULED**.  Defendant shall remain in detention pending trial.

**IT IS FURTHER ORDERED** that pursuant to 18 U.S.C. §§ 3142(i)(2)-(4), defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with her counsel. On order of a court of the United States, or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 2nd day of June, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

6